**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| DENISE IZZO, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 09-cv-5918 (NLH)(KMW) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| FIRST NATIONAL LAND TRANSFER, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

**HILLMAN, District Judge**

THIS MATTER having come before the Court upon the original complaint filed by Plaintiff, Denise Izzo, on or around November 19, 2009; and

Plaintiff having initially averred claims against several defendants, including First National Land Transfer, Inc., E-Mortgage Management, LLC ("E-Mortgage"), SunTrust Mortgage, Inc. ("SunTrust"), Michael DeFalco, and Stewart Title Guaranty Company ("Stewart Title"); and

Stewart Title having moved to dismiss Plaintiff's original complaint on or around February 9, 2010; and

SunTrust having moved to dismiss E-Mortgage's cross-claim on or around March 24, 2010; and

E-Mortgage having represented through counsel, in a letter dated March 25, 2010, that it does not oppose SunTrust's motion; and

The Court noting that "if a party represented by counsel

fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis," <u>Hollister v. U.S. Postal Serv.</u>, 142 F. App'x. 576, 577 (3d Cir. 2005) (citing <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1992)); and

Plaintiff having filed an amended complaint on or around April 1, 2010; and

Stewart Title having moved to dismiss Plaintiff's amended complaint on or around April 23, 2010, and having presented the same arguments as those in its original motion to dismiss; and

E-Mortgage having filed an answer to Plaintiff's amended complaint and having asserted cross-claims, none of which are directed against SunTrust; and

Plaintiff having voluntarily dismissed SunTrust from this case, with prejudice; and

Plaintiff having represented that the Court's subject matter jurisdiction is predicated upon a federal question relating to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et seq.</u>, and

It appearing that the only party against whom Plaintiff alleged a cause of action under TILA, or any other federal law, was SunTrust –- now removed from the litigation;[1] and

---

[1] In Count IV of her amended complaint, Plaintiff alleges that defendants conspired with, and aided and abetted, one another in violating the law and harming her.  Even if this claim were read to allege a conspiracy to violate federal law, it does not appear that federal question jurisdiction exists under these

The Court noting, <u>sua</u> <u>sponte</u>, that "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction,'" <u>Oras v. City of Jersey City</u>, 328 F. App'x 772, 775 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)); and

The Court further noting that "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so,'" <u>id.</u> (quoting <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000));

Accordingly,

IT IS on this __17th__ day of __August__, 2010, hereby

**ORDERED** that Stewart Title's motion to dismiss Plaintiff's original complaint [Doc. # 15] is **DENIED** as moot; and it is further

**ORDERED** that SunTrust's motion to dismiss E-Mortgage's

---

circumstances.  <u>See</u> <u>In re Orthopedic Bone Screw Prods. Liab. Litig.</u>, 939 F. Supp. 398, 401 (E.D. Pa. 1996) ("This court does not believe that merely alleging that the conspiracy was to violate a federal law converts a state claim to a federal claim."); <u>see also</u> <u>Bhagwanani v. Howard Univ.</u>, 355 F. Supp. 2d 294, 302 (D.D.C. 2005) (stating that "a state law conspiracy to violate a federal law raises an insufficient federal question to support federal jurisdiction over the claim").

3

original cross-claim [Doc. # 25] is **GRANTED** and that any cross-claim asserted by E-Mortgage against SunTrust is **DISMISSED**; and it is further

ORDERED that Plaintiff has twenty (20) days from the date of this Order to show cause why the Court should not decline to exercise supplemental jurisdiction over the remaining state law claims, or under what other authority jurisdiction exists in this case; and it is further

ORDERED that, if they so choose, Defendants may submit a brief addressing this jurisdictional issue within seven (7) days of Plaintiff's submission.[2]


                                   /s/ NOEL L. HILLMAN
                                  HON. NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[2] Still active on the docket is Stewart Title's motion to dismiss Plaintiff's amended complaint [Doc. # 35] and motion to dismiss E-Mortgage's cross-claim [Doc. # 58]. Should the Court retain jurisdiction over this case, the motions will be addressed accordingly.

4